STATE v. SANDERS.

1. CONTINUANCE—DISCRETION.—It is not an abuse of discretion for Judge to refuse motion of continuance on ground that defendant was not ready for trial, because solicitor told defendant's attorney that he would not give out a bill· during that term of Court, but on request of grand jury a bill was handed out next day and trial ordered on following day, in absence of showing that defendant's witnesses were without the county.

2. SENTENCE within the limit of the law, not disturbed.

Before TOWNSEND, J., Sumter, November, 1902. Affirmed.

Indictment against Judy Sanders. From sentence, defendant appeals.

*Mr. L. D. Jennings,* for appellant.

*Solicitor John S. Wilson,* contra.

March 1, 1904. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The appellant pleaded guilty to an indictment which charged her with the crime of a violation of the dispensary laws of this State, and was duly sentenced by Judge Townsend, at the November term, 1902, of the Court of General Sessions of Sumter County, of this State. She thereupon appealed from such judgment on two grounds, to wit:

"*First Exception.*—It is respectfully submitted, that the presiding Judge abused his discretion in forcing the defendant to trial under the circumstances in this Case, in that his Honor would not allow the defendant time in which to get her testimony, and in forcing her to trial when the solicitor, John S. Wilson, had informed her attorney, on Wednesday night, November 6th, that he would not give out a bill that term of Court, and forcing her to trial Friday morning, No-

vember 8th, when the true bill had not been found until November 7th, and she had not had time in which to get ready, not expecting to be tried after the State's attorney had said he would not give out a bill at said term of Court. That she entered the plea of guilty for the reason that she was not prepared to make her defense; that if she had. been prepared to make her defense she would not have entered the plea of guilty.

"*Second Exception.*—It is respectfully submitted, that his Honor abused his discretion in passing sentence on defendant, in that said sentence was oppressive, unreasonable and improportionate to the offense for which the defendant had been found guilty."

It seems from the statement of facts set out in the "Case" that there had been some conversation between the solicitor of the third circuit and the attorney for the defendant, that the former stated to the latter, on the 6th day of November, 1902, that he would not give out a bill of indictment in this case "during the present term of Court." It seems that after that day, to wit: on the 7th day of November, 1902, the grand jury insisted that the bill of indictment should be preferred at once, and that the solicitor yielded to that demand of the grand jury, and handed out a bill of indictment on said 7th day of November, 1902, upon which the grand jury found a "true bill" on that day. The cause being placed on the docket by the clerk of Court of General Sessions (which it was his duty to do), the Circuit Judge, on the 8th day of November, 1902, called the case for trial. Thereupon the defendant's attorney moved for a continuance, basing this motion upon the foregoing facts, together with the fact that the defendant had made no arrangements to go to trial, not having any witnesses. The Circuit Judge overruled the motion for a continuance, and ordered the cause to be set down for trial. Then the defendant entered a plea of guilty, and was duly sentenced. We are obliged to overrule this ground of appeal. The solicitor was controlled by the grand jury.

There was only a delay of a few hours—from the night of 6th of November, 1902, to the day of 7th November, 1902. The defendant knew the charge was pending in the Court. She resided in the city of Sumter. She did not, in her showing for a continuance, make it appear that any of her witnesses lived beyond the limits of the city of Sumter, or that any of them were beyond the limits of Sumter County. She had the power of the Court to summon witnesses. Besides all these matters, continuances are governed by the discretion of the Circuit Judge. There are many decisions of this Court which so hold. It is only when the Circuit Judge abuses his discretion in refusing this motion that this Court will interfere. This exception is overruled.

2. It is nowhere made to appear that the Circuit Judge exceeded his power under the law in fixing the terms of his sentence—these are matters within his discretion.

2 This Court will not interfere with the exercise of this discretion by the Circuit Judge. So long as the limits of the law as to punishment are observed by the Circuit Judge, we will not interfere. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be, and the same is, affirmed.